**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR VALDOVINOS,<br><br>           Plaintiff,<br><br>     v.<br><br>CAPITAL ACCOUNTS, LLC,<br><br>           Defendant. | Case No.  8:22-cv-00038<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes OMAR VALDOVINOS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CAPITAL ACCOUNTS, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Orange County, California, which is located within the Central District of California.

5. Defendant advertises that its "standard collection services are provided on a contingency basis."[1] Defendant regularly collects upon consumers across the United States, including those located in the state of California. Defendant is a corporation organized under the laws of the state of Tennessee with its principal place of business located at 4107 Mallory Ln, Suite 302, Franklin, Tennessee 37067.

---

[1] https://usecapital.com/full-service-collections/

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon defaulted medical bills ("subject debt") that Plaintiff purportedly owes to Fullerton Orthodontics and Children's Dentistry.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was placed with Defendant for collection purposes.

9. On or around late 2021, Defendant began its collection campaign by telephonically contacting Plaintiff in order to collect upon the subject debt.

10. Upon speaking with Defendant, Plaintiff was informed of Defendant's status as a debt collector and of its intent to collect upon the subject debt.

11. Plaintiff requested that Defendant mail him validation of the subject debt as he had not received any correspondence from Defendant.

12. Defendant refused Plaintiff's request and indicated that its written communications with Plaintiff would only be sent by e-mail.

13. Defendant's harassing collection campaign caused Plaintiff to demand that it stop contacting him.

14. In response, Defendant stated that it would continue contacting Plaintiff regardless of any cease and desist demand Plaintiff issued to Defendant.

15. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692e**

4

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

25. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to assert that it could continue to contact Plaintiff regardless of any cease and desist demand he made. Defendant's position clearly contradicts Plaintiff's rights under the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

**b. Violations of FDCPA § 1692f**

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. Defendant violated 15 U.S.C. §1692f when it employed unfair means to collect upon the subject debt. Any reasonable fact-finder will conclude that Defendant acted unfairly when it refused to send Plaintiff validation of the subject debt and indicated that it would continue to contact him regardless of Plaintiff's cease and desist demand.

28. As pled in paragraphs 15 through 17, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, OMAR VALDOVINOS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

31. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

33. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

34. As outlined above, through their unlawful attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff the subject debt by the harassing and misleading conduct outlined above.

35. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, OMAR VALDOVINOS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.


Dated: January 10, 2022            Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com